## MATILDA BARBEAU
*vs.*
## ALBINA BOIVIN ET AL.

Superior Court        Windham County        File No. 8104

MEMORANDUM FILED DECEMBER 5, 1941.

*Virtune P. A. Quinn,* of Norwich, for the Plaintiff.

*T. Emmet Clarie,* of Danielson, for the Defendants.

MUNGER, J.   It appears that the plaintiff was the owner of real estate in Brooklyn, Connecticut.   It clearly appears that the plaintiff conveyed this property to her daughter and that after this conveyance was made the daughter conveyed a one-half interest in the property to her husband.   The plaintiff seeks to set aside this conveyance and alleges fraud.

The narrative of the plaintiff seems strangely confused.   In one breath she seeks to set aside the deed and in another she denies ever having made the conveyance.   One portion of her testimony must be found to be true.   It undoubtedly appears that one reason why the conveyance was made by the plaintiff to her daughter was to prevent an attachment of it in a suit which it was feared might be brought against her. It is impossible to credit any of the rest of the plaintiff's testimony.   The plaintiff denies that the mark made upon the deed was made by her.   She says she has no knowledge of the deed.   This testimony is untrue.   The court must find that the deed was explained to her and that the witness who signed it identifies her mark.   Mr. Atwell explained to her the nature of the deed and told her that if it was signed that she would have nothing more to do with the property, and she assented.

The daughter testifies that beside an attempt to prevent an attachment of the property by the conveyance, the plaintiff wished to convey it to her because she (the plaintiff) was unable to keep it up. The arrangement was made that after the conveyance the daughter was to come to live with the plaintiff. The husband of the daughter refused to do this until one-half of the property had been conveyed to him.   After this conveyance was made the daughter and her husband then went to live with the plaintiff.   That was in 1936.

Since moving to the property the defendants have expended large sums of money for repairs, all to the knowledge of the plaintiff.   Indeed, instead of being able to prevail by the

preponderance of evidence, the overwhelming weight of the evidence discredits any story told by the plaintiff.

It may also be said in passing that if the sole purpose of the conveyance was to prevent an attachment of the property there is no explanation of the fact why the defendants did move into the property, pay the overhead on it, install a new heating system and make various other repairs. The conclusion on the whole matter is that the plaintiff's claim is simply not credible.

No question of law has been raised upon the trial. Whether or not upon the facts found the plaintiff would be entitled to a reconveyance as a matter of law is a question not raised. The case has been presented solely upon the claim that the allegations of the complaint have not been sustained and the court is obliged to so find.

It may be added that it does clearly appear from the evidence that the plaintiff can carry on an intelligent conversation in English and that she understands English. The only reasonable conclusion is that the plaintiff fully understood the nature of the transaction.

Judgment for the defendants.